_____FILED _____ENTERED
_____LODGED _____RECEIVED

JUL 1 0 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH     *
        Plaintiff,
v.     *     CIVIL ACTION NO. JFM-15-2005

LORETTA LYNCH, U.S. ATTORNEY     *
   GENERAL, et al.
MELVIN BRIGHT     *
        Defendants.
                *****

## MEMORANDUM

Catherine Denise Randolph ("Randolph"), a resident of 4232 Shamrock Avenue in Baltimore, Maryland, filed this self-represented action on July 8, 2015, naming her next-door neighbor and the current United States Attorney General as respondent/defendant. She bases her case on federal question jurisdiction and asks that a permanent injunction be issued for unauthorized government recording. ECF No. 1 at pg. 1.

In her statement of facts she states:

> "I am requesting consolidation: Statement of claim, declaratory judgment (Rule 57), injunction relief (Rule 64 and 65) and recovery [of] civil damages (intentional disclosure). I am demanding $3 Billion dollars since I am a victim of intentional disclosure ongoing 9 years (includes public court record false arrest criminal cases #506069025 & 506069026). All other charges dismissed pending 03/10/2006 to 03/07/2012 unfair discrimination. *Currently I am an aggrieved party for purpose of indirect (home) recording (wiretap) via social media fraud: defendants (4234 Shamrock Ave and maybe co-defendants) shall be fined up to $100.000 and imprisoned or both. Any defendants (partnership) who makes imports, exports, sells, distribute[s] technology devices unauthorized decryption for any advertising shall be fined up to $500,000 for each violation separate violation (audio visual recording) * Aggrieved party may recover statutory (dignity harm) damages up to $100.000 as courts consider for each violation ongoing 9 years (includes false arrest) I am deprived of my constitutional rights and U.S. Privacy Act 1974 rights. I am aggrieved party personal injuries-loss wages. Recover civil damages $3 billion dollars. Stop unauthorized privacy invasion with public disclosure unauthorized. Uphold [and] read 47 U.S.C. § 605, 18 U.S.C. § 2513 and 18 U.S.C. § 3107.

ECF No. 1 at pg. 2.[1]  Randolph seeks a permanent injunction to "restore her privacy, dignity and respect from false impersonators" and 3 Billion dollars in damages. ECF No. 1 at pg. 3 & civil cover sheet.  Randolph has moved to proceed in forma pauperis and the request shall be granted. ECF No. 2. Randolph's complaint shall, however, be summarily dismissed for reasons to follow.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).[2]

A complaint is frivolous if it is without "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case plaintiff is self-represented. When reviewing a self-represented complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers..." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may

---

[1]  Randolph cites to 18 U.S.C. §§ 911, 913, 2512, 2520, 3041, 3107 & 3053.  ECF No. 1 at pgs. 2 & 3.  Further, her complaint form is accompanied by a list of "federal questions" and photocopies of a number of federal statutes. *Id.* at pgs. 4-9.

[2]  Title 28 U.S.C. Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(B) the action or appeal—
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a self-represented plaintiff's pleadings are to be liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). It is axiomatic that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him ...." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In addition, Supreme Court precedent leaves no doubt that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). Although the plausibility standard is not akin to a "probability requirement," it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, when a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* This "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *See Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).

Sections 2513 and 2520 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *See Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985). Moreover, to the extent that Randolph asserts she is a crime victim, this court has no

authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If Randolph seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities, not this court.

Moreover, Randolph has failed to set out any particular claims against the named defendant, the United States Attorney General. Further, the factual assertions and legal conclusions raised in the document regarding Randolph's next-door neighbor amount to rambling statements of blanket criminal and civil rights violations. The allegations are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P 12(b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The complaint contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.

Moreover, the court observes that since August 25, 2014, Randolph has filed thirteen prior cases regarding alleged wiretapping and interception of communications by her neighbor at 4234 Shamrock Avenue.[3] The complaints were accompanied by various motions. They were all

---

[3] *See Randolph v. State of Maryland*, Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. GLR-14-3298 (D. Md.); *Randolph v. United States, et al.*, Civil Action No. JFM-14-3609 (D. Md.); *Randolph v. U.S. Attorney*, Civil Action No. CCB-15-9 (D. Md.); *Randolph v. Holder*, Civil Action No.

summarily dismissed and appeals ensued. A separate Order shall be entered reflecting the rulings entered herein.

Date: July 10, 2015

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 JUL 10 AM 11:57
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

---

JKB-15-314 (D. Md.); *Randolph v. Holder, et al.*, Civil Action No. JFM-15-552 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. CCB-15-785 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. ELH-15-916 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. ELH-15-982 (D. Md.); *Randolph v. Rosenstein, et al.*, Civil Action No. JFM-15-1137 (D. Md.); *Randolph v. Lynch, et al.*, Civil action No. GLR-15-1311 (D. Md.).